UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN PEET, | Case No. 17-CV-1871 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| SEASONS PARK/FREG BUENA VISTA ASSOCIATES LLC, et al., | |
| Defendants. | |

John Peet, pro se.

William Christopher Penwell, SIEGEL BRILL, P.A., for defendants.

Plaintiff John Peet brought this housing- and race-discrimination action against his former landlord, his former property manager, and others affiliated with them. The defendants moved to dismiss Peet's claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(b) and 3617, as barred by the two-year statute of limitations and to dismiss his claims under 42 U.S.C. §§ 1981 and 1982 as failing to state a plausible claim. This matter is before the Court on Peet's objection to the February 27, 2018 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. Judge Bowbeer recommends granting the defendants' motion to dismiss, denying Peet's motion not to dismiss, and denying Peet's motion for copies. The Court has conducted a de novo

review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Peet's objection and adopts Judge Bowbeer's R&R.

Only a few matters merit comment:

First, Peet contends that his FHA claims are not barred because he was receiving assistance under the Housing Choice Voucher Program established under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437(f).  Peet claims that, because he received Section 8 vouchers, his legal claims are subject to a three-year (not a two-year) statute of limitations.  ECF No. 34 at 2-3.  Peet is incorrect.  Regardless of whether Peet was a Section 8 tenant, he needed to bring his FHA claims "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice."  42 U.S.C. § 3613(a)(1)(A); *see, e.g.*, *Allen v. Hous. Auth. of City of Auburn, Ala.*, 638 Fed. App'x 825 (11th Cir. 2015) (applying a 2-year statute of limitations to an FHA claim brought by a Section 8 tenant).  As Judge Bowbeer noted, that period has long passed:  "Peet filed this action on June 2, 2017, more than two years after any alleged action by any Defendant" and "[t]here were no pending administrative proceedings . . . that would serve to toll the limitations period."  ECF No. 30 at 7.

Second, on October 26, 2017, Judge Bowbeer held a hearing on defendants' motion to dismiss.  ECF No. 24.  Peet contends that he failed to appear at the hearing because he was in the hospital and did not receive notice of the hearing.  ECF No. 34 at

review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules Peet's objection and adopts Judge Bowbeer's R&R.

Only a few matters merit comment:

First, Peet contends that his FHA claims are not barred because he was receiving assistance under the Housing Choice Voucher Program established under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437(f).  Peet claims that, because he received Section 8 vouchers, his legal claims are subject to a three-year (not a two-year) statute of limitations.  ECF No. 34 at 2-3.  Peet is incorrect.  Regardless of whether Peet was a Section 8 tenant, he needed to bring his FHA claims "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice."  42 U.S.C. § 3613(a)(1)(A); *see, e.g.*, *Allen v. Hous. Auth. of City of Auburn, Ala.*, 638 Fed. App'x 825 (11th Cir. 2015) (applying a 2-year statute of limitations to an FHA claim brought by a Section 8 tenant).  As Judge Bowbeer noted, that period has long passed:  "Peet filed this action on June 2, 2017, more than two years after any alleged action by any Defendant" and "[t]here were no pending administrative proceedings . . . that would serve to toll the limitations period."  ECF No. 30 at 7.

Second, on October 26, 2017, Judge Bowbeer held a hearing on defendants' motion to dismiss.  ECF No. 24.  Peet contends that he failed to appear at the hearing because he was in the hospital and did not receive notice of the hearing.  ECF No. 34 at

1. Because of his absence, Peet suggests Judge Bowbeer relied on the "wrong facts," and he asks for an opportunity to amend his complaint and be heard in court. *Id.* at 2, 5.

Peet's appearance at the hearing was not necessary to give him a full and fair opportunity to argue the pending motions. In fact, the vast majority of motions decided in federal courts are decided without any oral argument. (The District of Minnesota is unusual in holding hearings on most dispositive motions.) Peet fully briefed his motion not to dismiss, and then he fully briefed his objection to the R&R. He has not pointed to anything that he would say at a hearing that he has not already said in his papers, and all of his arguments have been carefully considered—first by Judge Bowbeer and then again by this Court.

Finally, Peet seems to seek permission to amend his complaint to include a claim under 42 U.S.C. § 3604(a). Judge Bowbeer properly determined that such an amendment would be futile, as that claim would also be barred as untimely. *See* 42 U.S.C. § 3613(a)(1)(A). Peet's request to amend his complaint is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 34] and ADOPTS the R&R [ECF No. 30]. IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 13] is GRANTED, and plaintiff's complaint [ECF No. 1] is DISMISSED WITH PREJUDICE.

2. Plaintiff's motion not to dismiss [ECF No. 20] is DENIED.

3. Plaintiff's request to amend his complaint is DENIED.

4. Plaintiff's motion for copies [ECF No. 26] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 19, 2018  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge